IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JONATHAN EDWARD NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-026 |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff appeals the decision of the Commissioner of Social Security ("the Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **AFFIRMED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff, born on July 21, 1975, protectively applied for Disability Insurance Benefits ("DIB") on June 23, 2020, alleging a disability onset date of October 2, 2019. Tr. ("R."), pp. 85, 92, 265. Plaintiff was forty-four years old on October 2, 2019, and was forty-eight years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 94, 150. Plaintiff's alleged disabilities stem from congestive heart failure, chronic obstructive pulmonary disease, hypertension, anxiety, chronic blood thinner use, skin cancer, lung cancer

stage III, and neuropathy.  R. 296.  Plaintiff has at least a high school education.  R. 92, 297.  Prior

to his alleged disability onset date, Plaintiff accrued a history of work experience as a cherry picker

for city government waste disposal and heavy equipment operator.  R. 92, 120, 297.  Plaintiff has

not worked since 2016, several years before his application for DIB, nor engaged in substantial

gainful activity since his application date.  R. 88, 297-98.

The Social Security Administration denied Plaintiff's application initially and on

reconsideration.  R. 148-89.  Plaintiff requested a hearing before an ALJ on December 13, 2023,

R. 85, and ALJ Craig Petersen held a telephone hearing on May 8, 2024, R. 101-124.  Represented

by counsel, Plaintiff appeared and testified, as did vocational expert ("VE") Carmella Jennings.

R. 101-124.  On May 23, 2024, the ALJ issued a decision finding Plaintiff not disabled.  R. 85-

94.

Applying the sequential process required by 20 C.F.R. § 404.1520(a), the ALJ found:

1. The claimant has not engaged in substantial gainful activity during the period
   from his alleged onset date of October 2, 2019 through his date last insured of
   December 31, 2021 (20 C.F.R. 404.1571 *et seq.*).

2. The claimant has the following severe impairments: chronic obstructive
   pulmonary disease; coronary artery disease, status post stent placement;
   congestive heart failure; and sleep apnea (20 C.F.R. 404.1520(c)).

3. The claimant did not have an impairment or combination of impairments that
   meets or medically equals the severity of one of the listed impairments in 20
   CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and
   404.1526).

4. After careful consideration of the entire record, the undersigned finds . . . that
   the claimant has the residual functional capacity [("RFC")] to perform light
   work[1] as defined in 20 C.F.R. 416.1567(b) except with the following

---

[1] "Light work" is defined as:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or
carrying of objects weighing up to 10 pounds. If someone can do light work, we determine
that he or she can also do sedentary work, unless there are additional limiting factors such
as loss of fine dexterity or inability to sit for long periods of time.

limitations: push/pull up to 10 pounds occasionally; stand/walk up to 2 of 8 hours and sit up to 6 of 8 hours with the normal breaks; occasional stair and ramp climbing, but no ladders or scaffolds; frequently balance; occasionally stoop, kneel, crouch and crawl; no concentrated exposures to heat, humidity, cold, gases and fumes; and no unprotected heights or other hazards.

The claimant was unable to perform any past relevant work (20 C.F.R. 404.1565).

5. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569 and 404.1569a). The claimant has not been under a disability, as defined in the Social Security Act, at any time from October 2, 2019, the alleged onset date, through December 31, 2021, the date last insured (20 C.F.R. 404.1520(g)).

R. 85-94. Relevant to that determination, the ALJ determined the jobs of addresser (DOT Code 209.587-010, medium, unskilled, SVP2), callout operator (DOT Code 237.367-014, medium, unskilled, SVP 2), and document preparer (DOT Code 249.587.018, medium, unskilled, SVP 2) were available to Plaintiff and there were 31,000 of those jobs in the aggregate available in the national economy. R. 93. The ALJ noted for purposes of this decision the VE had acknowledged changes to the jobs of addresser and callout operator over the years to reflect the need for a personal computer and software. R. 93.

When the Appeals Council ("AC") denied Plaintiff's request for review of the ALJ's decision, R. 1-4, the Commissioner's decision became "final" for the purpose of judicial review, 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting remand, presenting one enumeration of error. (See doc. no. 17.) Plaintiff argues the ALJ "did not properly rely on the testimony of the [VE] in finding that there are other jobs Plaintiff can perform despite his impairments." (Id. at 4.) The Commissioner maintains the decision to deny Plaintiff benefits

---

20 C.F.R. § 416.967(b).

is supported by substantial evidence and should therefore be affirmed.  (See doc. no. 22.)

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

As an initial matter, Plaintiff did not raise any arguments regarding the ALJ's consideration of his impairments or assessment of his residual functional capacity. He has therefore waived those arguments. Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012) ("failure to make arguments and cite authorities in support of an issue waives it"); Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed"). Accordingly, the Court addresses only the issue of whether the ALJ was entitled to rely on the VE's testimony and the use of allegedly "obsolete" jobs in determining whether there were significant jobs in the national economy which Plaintiff could perform.

Plaintiff raises three arguments. First, the ALJ relied on outdated or obsolete jobs that are not available in the national economy and were recognized as outdated or obsolete at the time the decision was rendered. Second, the Appeals Council failed to consider an Emergency Message and Policy Interpretation Ruling. Third, even partial unreliability of the VE's evidence is sufficient to remand for further proceedings.

**A. The ALJ's reliance on the VE's Testimony Regarding the Alleged Obsolete or Outdated Jobs and their Relevant Skills was Supported by Substantial Evidence.**

If an ALJ determines at step four that the claimant cannot perform her past relevant work, the Commissioner has the burden "to show the existence of . . .jobs in the national economy which, given the claimant's impairments, the claimant can perform." Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).   Plaintiff argues the ALJ improperly relied on the testimony of the VE because it was widely accepted at the time that the identified jobs are outdated or obsolete.  R. 121, 93; (Doc. no. 17, p. 4, 7-9).  Plaintiff points to an emergency message issued by the Social Security Administration ("SSA") in June 2024, shortly after the ALJ's decision, and revised in January 2025.  (Doc. no. 17, p. 5.)  The message prohibited ALJs from relying on the job "document preparer" unless additional testimony from a VE establishes this job, as currently performed, is consistent with the claimant's ability to work and exists in significant numbers.  (Id.); Soc. Sec. Admin. EM-24027 REV (available at https://secure.ssa.gov/apps10/ reference.nsf/links/01062025092030AM).

The VE testified, as Plaintiff asserts, there were three jobs Plaintiff could perform despite his impairments, i.e., addresser, call out operator, and document preparer. R. 121.  The ALJ posed the following question to the VE: "since the DOT was adopted, the addresser position has changed some much in that the technology that's used to do the job has changed?" R. 121-22.  The VE responded:

> Yes, Your Honor.  For the addresser, there is now usage of a PC basic software.  And for the document preparer, there is usage basic software, personal computer, and a scanner.  For the call out operator, there would be PC software with that job as well, however, the SVP of 2 remains the same, as well as, the physical demands of the jobs.

R. 122.  Upon receipt of the VE's testimony the Court stated:

6

All right. And your testimony is consistent with the <u>Dictionary of Occupational Titles</u>, but in particular, your work experience would cover the areas not covered by the DOT that include ladder and scaffold climbing. Let's see here, and then the changes in the processes, the technology and the jobs that you outlined as satisfying the hypothetical. And lastly, the off task, those are all based on your experience and training?

R. 122-23. To which the VE responded, "Yes, it is, Your Honor." R. 123. Plaintiff's counsel was given the opportunity to question the VE upon the conclusion of her testimony. R. 123. The attorney had no questions for the VE either regarding her qualifications or her testimony about the changes to the three occupations and their persistence in the national economy. R. 123. The ALJ's decision reflected this testimony. After listing addresser, callout operator, and document preparer along with their estimated number of jobs in the national economy, the ALJ noted the three jobs departed significantly from their original requirements:

The vocational expert testified that the addresser and callout operator occupations have changed over the years, noting that both now incorporate the use of a personal computer and software. The vocational expert testified that the addresser occupation also requires the use of a scanner. Despite these technological advances, the vocational expert indicated that the SVP and physical demands of both occupations remain the same.

R. 93.

After careful consideration, the Court finds the ALJ was not required to incorporate the Emergency Message because it had not yet been published, and he nevertheless complied with its obligations. See, e.g., <u>Rose v. Bisignano</u>, 2026 WL 540781, *3 (E.D.N.C. Feb. 26, 2026) (finding compliance with EM when ALJ asked whether the "jobs identified by the VE are currently performed in the economy in the way they're classified in the DOT or whether those jobs have changed such that they would be classified differently," and the VE identified use of computers) (internal citations omitted). The ALJ did not solely rely on the DOT to determine Plaintiff could work as an addresser, call out operator, or document preparer.

Instead, the ALJ incorporated testimony from the VE concerning the new requirements of these occupations and the resulting impact on the prevalence of these occupations and in so doing the VE relied on their education, training, and experience.  R. 93-94.  Likewise, the ALJ probed the consistency of the VE's testimony, particularly with regards to how the suggested jobs were currently performed in the national economy, and included the dialogue in the hearing decision.  R. 93-94; 121-123.  When asked these follow-up questions, the VE explained there had been substantial changes in the jobs due to the implementation of technology.  R. 93-94.  However, the VE remained confident these jobs were appropriate for the claimant's age, education, work experience and residual functional capacity.  R. 93-94.  There was no cross examination by Plaintiff's attorney regarding the VE's determination.  R. 123.

The ALJ incorporated and resolved any discrepancies between the VE's testimony and the DOT by stating in his opinion:

> [T]he undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles and its related publications, with any issues not addressed in or otherwise apparently inconsistent with the DOT based on the vocational expert's experience.  The undersigned finds the vocational expert's testimony reasonable and accepts her testimony.

R. 93-94.  The Court can find no legal error in this determination, particularly in the absence of any contradicting testimony.  See Valdez v. Comm'r of Soc. Sec., 808 F. App'x 1005, 1010 (11th Cir. 2020) ("[Plaintiff] didn't present the occupational employment statistics before the ALJ or object to the vocational expert's testimony.  In fact, he stipulated that the vocational expert was qualified to testify.  As a result, we are foreclosed from considering the data in the occupational employment statistics on appeal.").

8

Plaintiff also argues the ALJ failed to consider whether the jobs detailed by the VE should have been considered higher skilled jobs than SV-2. (Doc. no. 17, pp. 11-12.) While Plaintiff acknowledges the EM's requirements were neither known nor applicable when the decision was made, he argues the ALJ "should have known," the three identified occupations were skilled jobs. (Id.) However, "should have known," is not the standard which the Court is asked to apply. Instead, the inquiry is whether the ALJ's determination was based on substantial evidence. And, under this test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (internal citations omitted). Here, there was nothing in the record, either through the testimony of the VE or through the (nonexistent) cross-examination, that would support a finding that the three identified jobs were "skilled." In fact, the evidence presented at the hearing and upon which the ALJ was entitled to rely presented those occupations as "unskilled." In short, there is nothing in the record that supports overturning the ALJ's determination, let alone compels it.

### B. Neither the Emergency Message nor the Policy Interpretation Requires Remand

Plaintiff argues the Appeals Council failed to apply SSA policy in effect at the time of its decision to deny review of Plaintiff's case. In addition to the Emergency Message discussed above, Plaintiff points to policy SSR 24-3p, which became effective in January 2025. (Doc. no. 17, p. 6.) SSR 24-3p, a Policy Interpretation Ruling is entitled "Title II and XVI: Use of Occupational Information and Vocational Specialist and Vocational Expert Evidence in Disability Determinations and Decisions." The ruling allows the incorporation of additional data from other sources, and these sources consider the three occupations listed by the VE in

this case as "skilled" and therefore outside the range of those Plaintiff can perform.  Plaintiff asserts this policy "mirror[s] the VE's testimony regarding the integration of technology into the three jobs at issue but directly refute[s] her testimony that the jobs remain unskilled despite this integration."  (Doc. no. 17, p. 6.)  Plaintiff argues the Appeals Council's denial of Plaintiff's request for review was an error because both the EM and SSR 24-3p applied at the time of the denial.  (Id.)

Generally speaking, "[w]hen an administrative law judge denies an application for disability insurance benefits and the Appeals Council denies review, we review the administrative law judge's decision as the final decision of the Commissioner."  Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citations omitted); see also Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998) ("A 'final' decision of the Secretary of the Social Security Administration is subject to judicial review.  'When the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary[, but w]hen the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Secretary.") (citations omitted).  Assuming without deciding the Appeals Council would have required application of either the Emergency Message or the SSR *and* that this Court could review that decision, there is still no error.

As discussed above, *supra* pp. 7-8, the ALJ complied with the Emergency Message requirements when incorporating the VE's testimony.  As to the SSR, it allows but does not require an ALJ to consult alternative vocational information contained in either the Occupational Requirements Survey or the Occupational Information Network ("O*NET").  There is no requirement in the SSR that the ALJ use either of these alternatives because the

DOT remains a reliable source of vocational information.   89 FR 97158-01, 2024 WL 4988840.

Here, the ALJ used the DOT to review the available occupations and conduct an inquiry into their skill level in concert with the VE.  Thus, the fact other sources may have considered those jobs skilled does not render the ALJ's determination as lacking substantial evidence. Moreover, Plaintiff could have inquired into the skill levels of these positions at the hearing. However, he did not, leaving the decision bereft of any support for a skill level other than that prescribed by the VE in accordance with the DOT.  As a result, even assuming the Court reviews the Appeal Council's denial of review and finds the SSR was applicable, there is no error because the SSR does not mandate a different outcome.

## C.  The Number of Jobs in the National Economy.

Finally, because the ALJ determined there was as sufficient number of jobs in the national economy by aggregating all three positions identified by the VE, Plaintiff argues remand is necessary to make this determination anew if any one of the three positions is eliminated due to obsolescence or skill level.  (Doc. no. 17, p. 13-16.)  Since the Court declines to find the ALJ's determination regarding the existence and type of occupations is not supported by substantial evidence, there is no need to remand for further consideration of the actual number of jobs available.

Furthermore, there is undeniably a sufficient number of jobs when all three positions are considered in the aggregate.  Work exists in the national economy if it exists in significant numbers either in the region where a claimant lives or in several regions of the country.  See 42 U.S.C. §§ 1382c(a)(3)(B); 423(d)(2)(A); 404.1566(a); Atha v. Comm'r, Soc. Sec. Admin., 616 F. App'x 931, 934 (11th Cir. 2015) (per curiam) ("the appropriate focus . . . is the national

economy."). As to what constitutes a "significant number" in this context, there is no bright-line rule:

> This Court has never held that a minimum numerical count of jobs must be identified in order to constitute work that "exists in significant numbers" under the statute and regulations. We have concluded, however, that the "appropriate focus under the regulation is the national economy," not the local economy in which the claimant lives.

Atha, 616 F. App'x at 934 (440 jobs locally and 23,800 jobs nationally sufficient) (quoting Allen v. Bowen, 816 F.2d 600, 603 (11th Cir. 1987)). And the number can be lower than a plaintiff would like, and still count as "significant." See Brooks v. Barnhart, 133 F. App'x 669, 670-71 (11th Cir. 2005) (per curiam) (840 jobs nationally sufficient). Here, the ALJ recognized at least 31,000 potential jobs, a significant number for Step 5 analysis. Id.; see also 20 C.F.R. § 416.966(b) (the Commissioner only needs to identify "one or more occupations" at Step 5 to support a non-disability finding) (italics added).

For all of these reasons, the ALJ did not err in relying on the VE's testimony at Step 5.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS,** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **AFFIRMED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 8th day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA